## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### (Miami Division)

| | |
|---|---|
| JS IP LLC, a Delaware limited liability company,<br>*Plaintiff,*<br><br>vs.<br><br>KURT P. EDWINS, an individual, dba GLOBAL GROUP,<br>*Defendant.* | Civil Action No. 1:17-CV-24642<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, JS IP LLC, a Delaware limited liability company, by and through its undersigned counsel, files this complaint against Defendant KURT P. EDWINS, an individual, dba GLOBAL GROUP (collectively "Defendant"), and in support of its claims alleges as follows:

### THE PARTIES

1.      Plaintiff JS IP LLC ("Plaintiff" or "JS IP") is a Delaware limited liability company with a principal place of business of 19550 West Country Club Drive, 10th Floor, Aventura, Florida 33180.

2.      Upon information and belief, Defendant Kurt P. Edwins ("Defendant" or "Edwins") is an individual with a principal address of 2001 Biscayne Blvd, Unit 2514, Miami, Florida 33137.  Upon information and belief, Edwins is the listed registrant and owner of the domain names www.LIVMIAMI.com, www.LIVATLANTA.com, www.LIVDALLAS.com, www.LIVFTLAUDERDALE.com, www.LIVLASVEGAS.com, and www.LIVNYC.com (individually or collectively referred to as the "Defendant's Domain Names.")  According to the

1

domain name registration records, Defendant does business as Global Group[1].  Defendant uses the www.LIVMIAMI.com domain name and LIV MIAMI mark ("Defendant's Mark") to advertise nightlife, shopping, and dining services of others.

## JURISDICTION AND VENUE

3.      This is a civil action for injunctive and other relief pursuant to the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d) for trademark infringement, false designation of origin, cybersquatting, and related unfair competition.  Plaintiff also asserts claims in accordance with common law rights, and Fla. Stat. § 495.151, for dilution, unfair competition, and injury to business reputation.

4.      This Court also has original federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.  This Court has supplemental subject matter jurisdiction over Plaintiff's remaining state and common laws claims under 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendant because Defendant has:

   a.   operated, conducted, engaged in, or carried on a business venture in this state, and the Southern District of Florida, from which this action arises, within the meaning of Fla. Stat. § 48.193(1)(a);

   b.   committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. § 48.193(1)(b); and/or

---

[1] As of December 5, 2017, there are no fictitious names registered with the Florida Department of State for GLOBAL GROUP owned by Edwins. Also, there are no corporate entities registered with the Florida Department of State for GLOBAL GROUP.  Nonetheless, this entity is identified in the domain name registrations, as evidenced by the WHOIS information reproduced from the registrar of Defendant's Domain Names, GoDaddy.com and attached as Composite Exhibit 1.

c.  Defendant has engaged in substantial and not isolated activity within this state, and the Southern District of Florida, within the meaning of Fla. Stat. § 48.193(f).

6.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant operates and does significant business in this District, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

7.   Plaintiff has engaged undersigned counsel and has agreed to pay undersigned counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing Plaintiff's intellectual property rights.

## STATEMENT OF CASE

8.   This is a civil action by Plaintiff against Defendant seeking injunctive relief, Defendant's profits, compensatory damages, statutory damages, and costs and attorneys' fees of this action, among other relief, for Defendant's acts of willful cybersquatting, trademark infringement, false designation of origin, and unfair competition, and injury to business reputation ---- all of which are violations of federal, Florida, and common laws.  15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(d), and Fla. Stat. § 495.151.

9.   Plaintiff brings this action due to Defendant's continued and willful disregard for Plaintiff's federally-registered **LIV®** Trademarks (as later defined), Defendant's use, registration, and renewal of domain names identical to and/or confusingly similar to the **LIV®** Trademarks, and/or Defendant's use, directly and/or indirectly in concert with others, of the **LIV®** Trademarks and domain names including the word "LIV," in connection with the advertising and promotion of competing services. Defendant's use, registration, and renewal of the identical and confusingly similar Defendant's Domain Names and Defendant's Mark are

3

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

likely to bring to mind Plaintiff's distinctive **LIV®** Trademarks, create consumer confusion, and create a false association between Plaintiff and Defendant and/or others working in concert with Defendant to sell competing products and/or services.

10.     As set forth below, Defendant's acts constitute federal trademark infringement, false designation of origin, false description, unfair competition, cybersquatting, and injury to business reputation, all in violation of 15 U.S.C. §§ 1114, 1125(a), 1125(d), Fla. Stat. § 495.151, and Florida common law.

## FACTS COMMON TO ALL COUNTS

### THE INCONTESTABLE LIV® TRADEMARKS

11.     Plaintiff is the exclusive owner of the mark **LIV®** in connection with a variety of goods and services including bar, nightclub, and entertainment services.  Plaintiff licenses the **LIV®** mark to its affiliates in connection with the management and operation of the **LIV®** nightclub.

12.     Plaintiff and its predecessors in interest (collectively "Plaintiff") have continuously used the **LIV®** mark in commerce in connection with its services since as early as 2008.

13.     Plaintiff operates one of the most famous and high-profile nightclubs in the world, located in Miami Beach, Florida, which prominently uses and displays one or more of the federally-registered **LIV®** trademarks and other common law trademarks, domain names, and/or social media handles consisting of the **LIV®** trademark (individually or collectively, the **LIV®** Trademarks").

**MAVEN Intellectual Property** ● 9480 N.E. 2ⁿᵈ Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

14.     The **LIV®** nightclub, bar, and entertainment services are advertised and promoted throughout the world through print advertisements, the Internet, social media, and billboard advertising.

15.     Plaintiff's goods/services have been highly publicized in connection with the **LIV®** Trademarks and by virtue of its promotion, advertising, and continuous use, Plaintiff has acquired notoriety and a valuable reputation connected with the **LIV®** brand.

16.     In addition to having rights in the registered marks below, Plaintiff has common law trademark rights in the marks and variations of the marks, particularly the word LIV.

17.     Plaintiff is the owner of the following federal trademark registrations for its **LIV®** Trademarks (individually and collectively referred to as the "**LIV®** Registrations"):

| <u>**Filing Date**</u> | <u>**Trademark**</u> | <u>**Registration No.**</u> | <u>**Goods/Services**</u> | <u>**Incontestable?**</u> |
|---|---|---|---|---|
| May 22, 2008 | **LIV** | 3976284 | 041: Night clubs; | Yes |
| May 22, 2008 | **LIV** | 4284279 | 043: Bar services; cocktail lounges; | Yes |
| March 19, 2012 | **LIV** | 4623139 | 009: Sunglasses;<br><br>018: Bags, namely, make-up bags sold empty and tote bags;<br><br>025: Clothing, namely, shirts and t-shirts; | No |
| February 17, 2014 | **LIV** | 4890033 | 041: Producing and arranging concerts, festivals, and nightclub performances in the field of music; providing online information regarding musical performances, musical performers, | No |

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

| | | | | |
|---|---|---|---|---|
| | | | nightclub performances, and musical events | |
| June 15, 2016 | **LIV ON SUNDAY** | 5136809 | 041: Entertainment services, namely, conducting parties; night club services; nights-clubs;<br><br>043: Bar services; cocktail lounge services; cocktail lounges; | No |
| October 7, 2016 |  | 5208689 | 041: Night club services; Nights-clubs; Arranging and conducting nightclub parties; Entertainment services, namely, conducting parties.<br>043: Cocktail lounges; Night club reservation services, namely, arranging for cocktails and table service reservations at night clubs and night club events; Bar and cocktail lounge services. | No |

True and accurate copies of the **LIV®** Registrations are attached hereto as **Composite Exhibit 2**. Each of the **LIV®** Registrations is valid, subsisting, and in full force and effect and therefore, confers a nationwide right of exclusive use of the trademark in connection with the goods/services applied for in the registrations pursuant to 15 U.S.C. § 1057(c).

18.     Two of the **LIV®** Registrations are incontestable and thereby constitute conclusive evidence of Plaintiff's ownership and its exclusive right to use the marks for the goods/services recited in the registrations, in accordance with 15 U.S.C. § 1065.  In addition, the registrations are proof of the inherent distinctiveness of the **LIV®** Trademarks.

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

## THE GOODWILL IN THE LIV® TRADEMARK AND
## THE FINE REPUTATION OF PLAINTIFF

19.     The **LIV®** nightclub is located in the prestigious and historically significant FONTAINEBLEAU® hotel.  The hotel first opened in 1954 and was designed by Morris Lapidus.  Then and now, it remains one of the most lavish hotels in Miami Beach.  In 2007, the FONTAINBLEAU® hotel was ranked No. 93 in the American Institute of Architect's ("AIA") list of "America's Favorite Architecture."   In approximately 2005, the hotel commenced a $1 billion renovation.  The renovation was completed in or about 2008 and the FONTAINBLEAU® hotel opened **LIV®** nightclub as part of its grand re-opening.

20.     The **LIV®** nightclub provides the ultimate nightlife experience --- with over 18,000 square feet of space, multiple bars for cocktail service, VIP areas, skyboxes, and 400 LED panels to produce lights that move in sync with the pulsating dance music. The **LIV®** nightclub is a playground for celebrities and features live performances from established and up and coming DJs and musical performers.

21.     It is consistently ranked as one of the best dance clubs in the world.   On or about June   4,   2010,   *Reuters*   named   it   one   the   World's   Top   10   Nightclubs.   (See: https://uk.reuters.com/article/us-travel-picks-nightclubs/travel-picks-worlds-top-10-nightclubs-idUKTRE6531ZX20100604).  In 2011, the **LIV®** nightclub ranked No. 7 on the 2011 Nightclub & Bar Top 100, the highest-ranking non-Vegas venue.  Since then it has consistently been ranked in the Top 10 of the Nightclub & Bar Top 100 Lists.  In August 2013, *Rolling Stone* magazine   identified   as   the   No.   2   Dance   Club   in   America   (See: http://www.rollingstone.com/music/lists/the-best-dance-clubs-in-america-20130801/liv-miami-19691231).  It is the combination of sexy and sultry Miami Beach, superstar entertainment, and state of the art facilities that makes **LIV®** the quintessential nightlife hotspot.

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

22.  Plaintiff uses the social media handle LIVMIAMI (identical to the www.LIVMIAMI.com domain name) for its Twitter® and Instagram® pages.  The LIVMIAMI Instagram page has over 195,000 followers while the @LIVMIAMI Twitter® page has over 82,400 followers.   Plaintiff registered its domain name www.LIVNIGHTCLUB.com on April 25, 2008.

23.  The **LIV®** brand has achieved fame and is synonymous with luxury entertainment.  It is a popular nightlife destination with locals and visitors from around the world and has received a great number of positive reviews on various online websites like Yelp.com and Tripadvisor.com.   Due to the substantial success of Plaintiff's nightclub, the **LIV®** Trademarks have received extensive unsolicited publicity and media coverage.

24.   Plaintiff and related companies spend approximately $12 million annually on advertising and promotion of the **LIV®** Trademark.   Plaintiff's **LIV®** nightclub generates tens of millions of dollars in revenue annually.   As a result of the volume of sales of the goods/services associated with the **LIV®** Trademarks, the extensive advertising and promotion of the **LIV®** services, and the unsolicited media coverage of the **LIV®** Trademarks, the **LIV®** Trademarks have acquired enormous value and have become distinctive and well-known to the consuming public and the trade as identifying and distinguishing Plaintiff's goods/services.

25.  Plaintiff's common law and registered rights in its **LIV®** Trademarks were established long before any date on which Defendant may rely.

26.  Plaintiff has actively and consistently policed its **LIV®** Trademarks, by demanding third party unauthorized users of similar marks cease and desist such use, and by pursuing legal remedies when necessary.   Plaintiff has had success in enforcing its **LIV®** Trademarks against third parties.

**MAVEN Intellectual Property** ● 9480 N.E. 2ⁿᵈ Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

27.     Owing to the distinctiveness of the **LIV®** Trademarks, many third parties do not even attempt to misuse the **LIV®** Trademarks; and if they do, once they learn of and/or are given notice of Plaintiff's rights, they stop their infringing uses.

28.     Since long prior to the acts and misuse of Defendant complained of herein, Plaintiff and/or its related companies, affiliates, licensees, and predecessors have expended much money, time, and effort in advertising, promoting, and marketing the goods and services offered under the **LIV®** Trademarks.  As a result, **LIV®** is globally recognized as one of the premier brands in the entertainment and nightlife industry.

## **DEFENDANT'S VIOLATIONS OF THE LIV® TRADEMARKS**

29.     Upon information and belief, on or about Feb. 27, 2008, Defendant registered the Defendant's Domain Names, all of which consist of Plaintiff's federally-registered **LIV®** Trademarks.  See **Composite Exhibit 1.**

30.     Between February 2008, when it was first registered and approximately, May 2015, there was no active website associated with www.LIVMIAMI.com.  Between May 2015 and September 2017, the www.LIVMIAMI.com domain name pointed to a website that said LIVMIAMI.COM was being "completely redesigned" and to "[l]ook for an amazing digital format in Summer 2014."  See reproduction of LIVMIAMI.com website taken on May 19, 2017 below:

Civil Action No. 1:17-CV-24642



A snapshot of the LIVMIAMI.com website taken on September 14, 2017 (after Defendant received cease and desist letters from Plaintiff) is reproduced below:





**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

31.     Despite owning the domain name from 2008-2017, Defendant made no use of the domain name in connection with the bona fide offering of goods/services until recently.   A current copy of Defendant's website is attached as **Exhibit 3**.

32.     While the www.LIVMIAMI.com points to an active website, the remainder of Defendant's Domain Names are inactive, parked pages with GoDaddy.com. The www.LIVMIAMI.com website uses and prominently displays the Defendant's Mark.   See reproductions of the websites associated with the remainder of Defendant's Domain Names attached as **Composite Exhibit 4**.

33.     Currently, Defendant uses the www.LIVMIAMI.com domain name and Defendant's Mark to advertise and promote competing services including nightlife and event services.

34.     In approximately February 2017, Plaintiff, anonymously, and by and through its agent, attempted to negotiate the purchase of Defendant's www.LIVMIAMI.com domain name. Plaintiff's agent indicated that Defendant was asking $8,500 as a purchase price for www.LIVMIAMI.com.   When Plaintiff's agent counter-offered, Defendant did not respond.

35.     On or about August 2, 2017, Plaintiff sent notice to Defendant of its objection to Defendant's use and registration of the Defendant's Domain Names and Defendant's Mark. Having received no response, Plaintiff sent additional correspondence on September 20, 2017. Defendant did not respond to either of Plaintiff's letters.

36.     On or about November 27, 2017, Plaintiff's agent indicated that he had finally heard back from Defendant and Defendant was willing to sell the www.LIVMIAMI.com domain name for $150,000 (a substantial increase from his opening offer of $8,500), on the condition that the purchase was completed by December 31, 2017.   Defendant's conduct demonstrates that

Defendant does not have any real interest in Defendant's Domain Names, and particularly, www.LIVMIAMI.com, and that Defendant was willing to sell the domain name at a profit, to trade on the goodwill of the **LIV®** Trademarks, and prevent Plaintiff from owning domain names consisting of its own trademarks.

37.     Upon information and belief, Defendant owns, uses, has used, controls, and/or licenses the Defendant's Domain Names and Defendant's Mark consisting of, in whole or in part, the **LIV®** Trademarks in order to advertise and promote competing services.  By means of his registration and use, Defendant intends and does capitalize on the goodwill associated with the **LIV®** Trademarks – this is especially true since the website only became active after Defendant received Plaintiff's objection.

38.     Upon information and belief, Defendant had knowledge of Plaintiff's superior rights to and interest in the **LIV®** Trademarks prior to purchasing, renewing, and/or commencing use and registration of the Defendant's Domain Names and Defendant's Mark.  As a matter of law, Defendants were at least on constructive notice of Plaintiff's **LIV®** Trademarks due to the issuance by the United States Patent and Trademark Office of the **LIV®** Registrations prior to purchasing, renewing, and/or commencing its use and registration of the Defendant's Domain Names and Defendant's Mark.   The **LIV®** Trademarks were extensively used, promoted, and advertised prior to Defendant's use of Defendant's Domain Names and Defendant's Mark including, without limitation, the www.LIVMIAMI.com domain name.

39.     As of the filing date of this action, Defendant continues to use the www.LIVMIAMI.com domain name and Defendant's Mark despite Plaintiff's objection.

**MAVEN Intellectual Property** ● 9480 N.E. 2ⁿᵈ Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

## THE LIKELIHOOD OF CONFUSION BETWEEN PLAINTIFF'S LIV® TRADEMARKS AND DEFENDANT'S INFRINGING DOMAIN NAMES AND TRADEMARKS

40.     Defendant's use of the confusingly similar Defendant's Domain Names and Defendant's Mark as part of its trade names, trademarks, and domain names to identify competing services creates confusion and deception as to the source or origin of Defendant's (and/or his affiliates or business partners) goods/services and through this use, Defendant is unfairly trading on the valuable reputation and goodwill embodied in the **LIV®** Trademarks.

41.     Upon information and belief, Defendant continued to register and renew the Defendant's Domain Names with full knowledge of the fame and popularity of Plaintiff's **LIV®** Trademarks.

42.     Upon information and belief, Defendant began use of the Defendant's Domain Names and Defendant's Mark only after receiving notice of Plaintiff's written objections to Defendant.

43.     The sight, sound, and overall commercial impression conveyed by Defendant's Domain Names and Defendant's Mark and corresponding trademarks used at websites appearing at these domain names are confusingly similar to the **LIV®** Trademarks.

44.     The goods/services being offered at the websites appearing at Defendant's Domain Names and in connection with the corresponding trademarks appearing at those domain names, are identical to the goods/services being offered in connection with the **LIV®** Trademarks – nightlife and nightclub services.  The webpages for Dining, Automotive, and Real Estate have no content --- so the only content appearing on the www.LIVMIAMI.com website advertise goods/service which compete with Plaintiff's services. See **Exhibit 3**.

45.     The trade channels, prospective customers and actual customers of Plaintiff and Defendant are similar due to the overlapping nature of the goods/services, the fact that the parties

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

are offering goods/services relating to the entertainment and nightlife industry, and the geographic proximity of the parties.

46.     Defendant's registration, renewal, and use of the Defendant's Domain Names and corresponding trademarks appearing at these domain names, including without limitation, the Defendant's Mark, are likely to cause consumers to mistakenly believe that Defendant's (and/or his affiliates or business partners) goods/services are approved, endorsed, sponsored, or affiliated by Plaintiff, or that Plaintiff is a source of Defendant's (and/or his affiliates or business partners) goods/services, or that those goods/services are in some other way associated with Plaintiff, all to Plaintiff's injury and harm.

47.     Plaintiff has not granted any right, assignment or license to use its **LIV®** Trademarks to Defendant (and/or his affiliates or business partners) for any purpose whatsoever.

48.     Defendant's conduct not only infringes the **LIV®** Trademarks; it trades upon Plaintiff's goodwill and reputation; dilutes the distinctiveness of the **LIV®** Trademarks; causes a likelihood of confusion; and unfairly competes with Plaintiff.

49.     Defendant's conduct has damaged, and continues to damage, Plaintiff.   To the extent that Defendant's (and/or his affiliates or business partners) goods/services are offered improperly in connection with the **LIV®** Trademarks, and do not conform to Plaintiff's quality standards, such non-conformity has injured or is likely to injure Plaintiff's reputation and goodwill.

50.     Prior to filing the instant lawsuit, Plaintiff sent several letters to Defendant providing him with an opportunity to cease and desist using the Defendant's Domain Names and Defendant's Mark in an effort to amicably resolve the dispute and avoid the inevitable consumer

**MAVEN Intellectual Property** ● 9480 N.E. 2ⁿᵈ Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

Civil Action No. 1:17-CV-24642

confusion resulting from Defendant's use.  Instead of ceasing and desisting, Defendant ignored Plaintiff's correspondence.

## COUNT 1: LIKELIHOOD OF CONFUSION WITH LIV® TRADEMARKS
## (15 U.S.C. § 1114)

51.     Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     This claim is brought under 15 U.S.C. § 1114.

53.     Plaintiff has continuously and extensively used the **LIV®** Trademarks since as early as 2008 and has not abandoned the marks.

54.     Plaintiff's use and registration of the **LIV®** Trademarks in the United States for its goods/services predates any use of the Defendant's Mark and Defendant's Domain Names.

55.     Defendant's control, registration, renewal, and use of the Defendant's Domain Names and corresponding trademarks used at websites appearing at those domain names including, without limitation, Defendant's Mark, are likely to cause confusion, mistake, or deception with regard to the origin of said goods/services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendant (and/or his affiliates or business partners) to provide his competing goods/services, or in some way Defendant (and/or his affiliates or business partners) are connected to or affiliated with Plaintiff, when they are not.

56.     Any such confusion would result in injury or have a direct impact on Plaintiff's reputation and its ability to market its own goods/services under the **LIV®** Trademarks. Furthermore, any defect, objection, or fault found with Defendant's (and/or his affiliates or business partners) goods/services would negatively impact and seriously injure the reputation Plaintiff has established for the goods/services it sells under the **LIV®** trademarks.

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

57.     Upon information and belief, the aforementioned acts and conduct were carried out by Defendant willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Plaintiff and the **LIV®** Trademarks and to pass off his goods/services as Plaintiff's goods/services.

58.     Defendant's control, renewal, registration, and use of the Defendant's Domain Names and corresponding trademarks used at websites appearing at those domain names including, without limitation, Defendant's Mark, was without Plaintiff's permission, license, or consent.  Defendant is not connected with Plaintiff or the **LIV®** trademarks.

59.     Plaintiff has objected to Defendant's use and/or registration of the Defendant's Domain Names and Defendant's Mark and Defendant has intentionally ignored such demands, intending to trade on the goodwill associated with the **LIV®** trademarks.

60.     Defendant's acts constitute willful and deliberate infringement of the federally-registered **LIV®** Trademarks in violation of 15 U.S.C. § 1114.

61.     Defendant's willful and callous misconduct makes this an exceptional case, entitling Plaintiff to have any monetary remedies increased, up to three times such amount, and to recover its attorneys' fees under 15 U.S.C. § 1117.

62.     By reason of Defendant's acts alleged herein, Plaintiff has suffered and, unless Defendant's conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief against Defendant and after trial, to recover any damages proven to have been caused, or any profits of Defendant that have been earned unjustly, by reason of Defendant's acts of infringement.

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

## COUNT 2: FALSE SUGGESTION OR CONNECTION AND UNFAIR COMPETITION WITH THE LIV® TRADEMARKS AGAINST DEFENDANT (15 U.S.C. § 1125(a))

63.     Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

64.     This claim is brought under 15 U.S.C. 1125(a).

65.     The **LIV®** Trademarks are valid and enforceable, and several of the **LIV®** Registrations are incontestable.

66.     Defendant's unauthorized use of the **LIV**® Trademarks in its trade names, trademarks, corporate names, and domain names unfairly competes with Plaintiff and constitutes a false designation of origin and false description and falsely represents to the public that the goods/services advertised, sold, or offered for sale by Defendant (and/or his affiliates or business partners) emanate from the same source or origin of Plaintiff's goods/services, or that Plaintiff authorizes, endorses, sponsors, or otherwise approves those goods/services, when Plaintiff does not.

67.     Defendant, with knowledge of such falsity, directly and/or indirectly, offered or caused to be offered, advertised, and sold goods/services in connection with trademarks, trade names, and domain names that are confusingly similar to the **LIV®** Trademarks.

68.     Defendant's renewal, registration, and use of the Defendant's Domain Names and corresponding trademarks used at websites appearing at those domain names including, without limitation, Defendant's Mark, is without Plaintiff's permission, license, or consent.  Defendant is not connected with Plaintiff or the **LIV®** Trademarks.  Plaintiff has objected to Defendant's use and/or registration of the Defendant's Domain Names and corresponding trademarks and not only has Defendant intentionally ignored such demands, intending to trade on the goodwill

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

associated with the **LIV**® Trademarks, but has also offered to sell the www.LIVMIAMI.com domain name at a premium.

69.     Defendant's acts constitute false suggestion or connection or unfair competition with the **LIV**® Trademarks in violation of 15 U.S.C. § 1125(a).

70.     Defendant's willful and callous misconduct makes this an exceptional case, entitling Plaintiff to have any monetary remedies increased, up to three times such amount, and to recover its attorneys' fees under 15 U.S.C. § 1117.

71.     By reason of Defendant's acts alleged herein, Plaintiff has suffered and, unless Defendant's conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief against Defendant and after trial, to recover any damages proven to have been caused, or any profits of Defendant that have been earned unjustly, by reason of Defendant's acts of infringement.

## COUNT 3: VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT AS TO LIV® TRADEMARKS (15 U.S.C. § 1125(d)

72.     Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

73.     This claim is brought under 15 U.S.C. § 1125(d).

74.     Defendant controls, owns, registers, renews and uses Defendant's Domain Names consisting of the **LIV**® Trademarks, each of which is likely to cause confusion, mistake, or deception with regard to the origin of said goods/services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendant to provide the same goods/services, or in some way Defendant is connected to or affiliated with Plaintiff, when they are not.

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

75.     This is particularly true since Defendant's Domain Names incorporate the **LIV®** Trademarks, are identical to Plaintiff's **LIV®** Trademarks, and are identical to Plaintiff's social media handles (@LIVMIAMI). The addition of the various cities to the component LIV, including Miami, is descriptive wording and does nothing to distinguish Defendant's Domain Names from the **LIV®** Trademarks.

76.     Defendant registered and renewed the Defendant's Domain Names in bad faith, after Defendant learned of Plaintiff's **LIV®** Trademarks. Defendant lacks any rights and does not have any legitimate interest in and to the Defendant's Domain Names.   This is especially clear since, upon information and belief, it took Defendant nine (9) years to create a website for the www.LIVMIAMI.com domain name, and only did so after receiving Plaintiff's written objections.  Further, Defendant offered to sell the LIVMIAMI.com name to Plaintiff's agent, not knowing that the agent was working on Plaintiff's behalf, for a price of $150,000 after Defendant received cease and desist letters from Plaintiff.

77.     Defendant's acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

78.     By reason of Defendant's acts alleged herein, Plaintiff has suffered and, unless Defendant's conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.   Plaintiff is therefore entitled to injunctive relief against Defendant and after trial, to recover any damages proven to have been caused, or any profits of Defendant that have been earned unjustly, by reason of Defendant's acts of infringement.

79.     By reason of the foregoing, Plaintiff is entitled to a transfer of Defendant's Domain Names and to an award of statutory damages of $100,000 per Domain Name. Defendant's willful misconduct makes this an exceptional case, entitling Plaintiff to recover its attorneys' fees pursuant to 15 U.S.C. § 1117.

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

## COUNT 4: VIOLATION OF STATE OF FLORIDA ANTI-DILUTION STATUTE
### (Fla. Stat. § 495.151)

80.     Plaintiff hereby repeats incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

81.     The **LIV®** Trademarks are well-known, famous, and distinctive marks.

82.     Defendant's acts complained of herein constitute trademark dilution in violation of Fla. Stat. § 495.151 because Defendant's use of the Defendant's Domain Names and Defendant's Mark and use in the State of Florida in connection with the advertising, sale and promotion of competing services has diluted the distinctive quality of the **LIV®** Trademarks.

83.     By reason of the acts of Defendant alleged herein, Plaintiff has suffered and, unless Defendant is restrained from continuing their unlawful acts, will continue to suffer serious and irreparable harm for which is has no adequate remedy at law.

## COUNT 5: COMMON LAW TRADEMARK INFRINGEMENT
### AND UNFAIR COMPETITION

84.     Plaintiff hereby repeats incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

85.     Defendant has violated and infringed Plaintiff's common law rights in the distinctive **LIV®** Trademarks and have otherwise unfairly competed with Plaintiff in violation of the common law of the State of Florida.

86.     Defendant's use of the **LIV®** Trademarks has caused and will continue to cause a likelihood of confusion among the public that Defendant's services are affiliated with, associated with, or otherwise approved by Plaintiff.

87.     As a result of Defendant's infringing activities, Defendant has been and is currently being unjustly enriched by its wrongful misappropriation of the **LIV®** Trademarks.

**MAVEN Intellectual Property** ● 9480 N.E. 2ⁿᵈ Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

88.     Defendant's acts complained of herein constitute trademark infringement and unfair competition under the common law of Florida.

89.     By reason of the acts of Defendant herein alleged, Plaintiff has suffered and unless Defendant is restrained from continuing their unlawful acts, will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JS IP LLC respectfully prays for the following relief against Defendant:

(a) An order declaring that Defendant's unauthorized conduct violates the Lanham Act, 15 U.S.C. §§1114, 1125(a), and 1125(d);

(b) An order requiring Defendant to provide an inventory list of all domain names in his possession, custody, or control, consisting of any of the **LIV®** Trademarks;

(c) An order permanently enjoining and restraining Defendant and those in active concert and participation with Defendant from:

1. Further infringing and/or making any use of any of the **LIV®** Trademarks, and using, registering, and renewing the Defendant's Domain Names, Defendant's Mark, any corresponding trademarks, and/or any domain name or trademark confusingly similar thereto to advertise, promote, display or sell any good/service;

2. Making any use of Defendant's Domain Names, Defendant's Mark, or any domain name, trademarks, corporate names, trade names, or designations consisting of, in whole or in part, any of the **LIV®** Trademarks, the term "LIV", and/or any domain name, trademark, corporate name, trade name, or designation confusingly similar to the **LIV®** Trademarks;

3. Registering, renewing, purchasing, and/or acquiring any trademarks, domain names, trade names, corporate names, and/or designations, consisting of, in whole or in part, any of the **LIV®** Trademarks, the term "LIV", or any domain name, trademark, corporate name, trade name, or designation confusingly similar thereto;

**MAVEN** Intellectual Property ● 9480 N.E. 2ⁿᵈ Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

Civil Action No. 1:17-CV-24642

    4.   Representing or suggesting to any third party that Defendant is affiliated with, sponsored by, licensed by, or otherwise connected with Plaintiff and/or the **LIV®** Trademarks; and

    5.   Otherwise unfairly competing with Plaintiff;

(d) An order compelling Defendant to transfer registration of the Defendant's Domain Names and/or any other trademarks, corporate names, trade names, and/or designations consisting of, in whole or in part, any of the **LIV®** Trademarks the term "LIV," and/or any domain name, trademark, corporate name, trade name, or designation confusingly similar thereto;

(e) An order compelling Defendant to remove all signs, and to recall all copies of print media, press releases, promotions, or advertisements in Defendant's control bearing the **LIV®** Trademarks, the Defendant's Domain Names, and all related goods/services and/or materials, pursuant to 15 U.S.C. § 1118;

(f) An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any goods/services offered by Defendant is authorized by Plaintiff or are in any way related to Plaintiff or Plaintiff's goods/services;

(g) An order directing an accounting and judgment be rendered against Defendant for:

    1.   An award of profits received by Defendant's from their misuse of the **LIV®** Trademarks as provided for in 15 U.S.C. § 1117;

    2.   All profits received by Defendant and all damages sustained by Plaintiff on account of Defendant's false suggestion or connection with Plaintiff through the use of the **LIV®** Trademarks, Defendant's Domain Names, and/or Defendant's Mark;

    3.   An award of damages to Plaintiff for Defendant's wrongful conduct, including treble damages for Defendant's intentional and willful conduct pursuant to 15 U.S.C. § 1117;

    4.   An award to Plaintiff for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1114;

    5.   An award of punitive damages in a sum to be determined at trial on the basis of Defendant's deliberate and intentional infringement and false designation of origin;

    6.   All available remedies available to Plaintiff for Defendant's violation of Fla. Stat. § 495.151; and

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com

Civil Action No. 1:17-CV-24642

 

 

7.   Any other relief that the Court finds warranted and just.

 

 

Dated: December 21, 2017            MAVEN Intellectual Property

 

/s/ Janet C. Moreira_____
Janet C. Moreira, Esq.
Florida Bar No. 0597090
MAVEN INTELLECTUAL PROPERTY
9480 NE 2nd Avenue, Suite 65
Miami Shores, FL 33138
Tel: 305.967.7450
Fax: 305.967.7450
E-mail: janet@maveniplaw.com,
trademarks@maveniplaw.com

Civil Action No. 1:17-CV-24642

## CERTIFICATE OF SERVICE

I certify that JS IP LLC's Complaint was filed with the Court's ECF system on December 21, 2017. I further certify we will attempt service of process of the Complaint, Summons, Civil Cover Sheet, and Corporate Disclosure Statement on the date the Court issues the Summons by addressing these documents for delivery by service of process to all counsel or parties of record on the Service List below.

*/s/ Janet C. Moreira*

JANET C. MOREIRA

## SERVICE LIST

Kurt P. Edwins
2001 Biscayne Blvd
Unit 2514
Miami, Florida 33137

**MAVEN Intellectual Property** ● 9480 N.E. 2nd Avenue, Suite 65, Miami Shores, FL 33138 ●
Toll Free: 855.63MAVEN (636.2836) ● Local Tel & Fax: 305.967.7450
www.maveniplaw.com